**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EDDIE A. R.,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-816** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY** | : | **Magistrate Judge Jolson** |
| | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff Eddie Rivera-Coto's Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendation (ECF No. 16). In her Report and Recommendation, the Magistrate Judge recommended that this Court overrule Petitioner's Statement of Errors (ECF No. 11) and affirm the Commissioner of Social Security's decision. (ECF No. 16). For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and **OVERRULES** Petitioner's Objections (ECF No. 17). Petitioner's Complaint (ECF No. 6) is **DISMISSED.**

## I. BACKGROUND

### A. Factual Background

Plaintiff Eddie Rivera-Coto, with assistance of counsel, filed his Complaint on July 24, 2025 (ECF No. 6) and a Statement of Specific Errors (ECF No. 17) on December 22, 2025. In his Complaint, Rivera-Coto alleges that his applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), were improperly denied. (ECF No. 6 at 1). He is appealing the final administrative decision. (*Id.*). The Complaint states the Administrative Law Judge improperly evaluated the evidence of record which created

an improper residual functional capacity determination and ultimately led to a conclusion not supported by the evidence. (*Id*. at 2). In his Statement of Specific Errors, Rivera-Coto alleges that he sought medical help starting in 2017 for his mental health, among other conditions. (ECF No. 11 at 3). Through 2023, Rivera-Coto continued to seek a variety of treatments to manage his symptoms. (*Id*. at 6.). At the initial level and reconsideration level, state agency psychologists identified "multiple severe impairments" and "not severe impairments." *(Id.*).

Despite these evaluations, Rivera-Coto's DIB and SSI benefits applications were denied. (ECF No. 16). Administrative Law Judge Thomas Wang ("ALJ Wang") issued an unfavorable determination on July 1, 2024, which became final when the Appeals Council declined to review the matter. (*Id*. at 2). In ALJ Wang's determination, he conducted the Social Security Regulations' mandatory five-step sequential evaluation for disability claims. (ECF No. 9 at 20–22). The five-step inquiry asks whether: (1) the claimant engages in substantial gainful activity; (2) the claimant suffers from one or more severe impairments; (3) the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1; (4) considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work; and (5) considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4); see also *Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). Magistrate Judge Jolson aptly summarized ALJ Wang's five step analysis as follows:

> At step one of the sequential evaluation process, ALJ Wang found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of October 1, 2014. At step two, ALJ Wang determined that, for purposes of Plaintiff's DIB application, Plaintiff had no medically determinable impairments prior to December 10,

> 2018. For purposes of Plaintiff's SSI application, however, ALJ Wang determined that beginning December 10, 2018, Plaintiff had the following medically determinable impairments: left shoulder subacromial impingement, bursitis, superior labrum anterior to posterior (SLAP) tear, and subscapularis tear; attention deficit and hyperactivity disorder (ADHD); and affective, anxiety, and trauma-stressor related mental disorder. At step three, ALJ Wang determined that, for purposes of the SSI application, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R.
>
> …
>
> At step four, ALJ Wang determined that Plaintiff had no past relevant work. Relying on VE's testimony at step five, ALJ Wang determined that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform including the representative jobs of hospital cleaner, industrial cleaner, auto detailer, mail clerk, merchandise marker, and routing clerk.

(ECF No. 16 at 3–4)(cleaned up).

Step 4, which evaluates whether the applicant can perform relevant work considering their residual functional capacity, is the source of dispute for Rivera-Coto. When determining Rivera-Coto's residual functional capacity, ALJ Wang stated that the state agency psychologists used the terms "infrequently" and "superficially" to describe Rivera-Coto's limitations. (ECF No. 9 at 31). Finding that these terms were vague and not "entirely vocationally appropriate," ALJ Wang clarified the limitations, by defining "superficial interaction limit" as it pertained to Rivera-Coto. (*Id.*).

Rivera-Coto contends, however, that notwithstanding ALJ Wang's responsibility to create the residual functional capacity, the definition created ALJ Wang was not supported by substantial evidence because he "did not identify where the definition came from," did not cite any authority, nor did ALJ Wang "provide any insight that would indicate how he arrived at such a definition." (ECF No. 11 at 9). Further, Rivera-Coto alleges ALJ Wang ignored evidence highlighting a specific definition of "superficial" interaction as stated by the Appeals Council. (*Id.* at 10). Thus, Rivera-Coto requests that this Court reverse the Commissioner's decision and

order payment of Social Security disability benefits to Rivera-Coto or remand the case for further proceedings. (*Id.* at 12).

### A. Procedural Background

Rivera-Coto's original application for disability benefits was filed on December 13, 2018. (*Id.* at 2). Administrative Law Judge Jessica Hodgson ("ALJ Hodgson") issued a determination on March 30, 2022 that denied Rivera-Coto benefits; however, the Appeals Council remanded the case for another hearing because ALJ Hodgson did not include "superficial" in her evaluation of residual functional capacity. (ECF No. 11 at 2, 9). Specifically, the Appeals Council ordered proper consideration be given to the "superficial" limitation. (*Id*. at 9). The case was reconsidered by ALJ Wang, then appealed to this Court.

Magistrate Judge Jolson issued her Report and Recommendation on May 11, 2026, determining that ALJ Wang did not commit reversible error when specifying qualitative limits. (ECF No. 16 at 2). The Report and Recommendation notes that ALJ Wang's determination must be based on relevant evidence when weighed using five factors set out by the Social Security Regulations. (*Id.* at 6). The Regulations identify supportability and consistency as the most important of the factors. (*Id.*)

The Report and Recommendation then engaged with Rivera-Coto's specific claims that ALJ Wang: (1) did not specify where the "quality-type" social interactions came from; (2) did not explain why those specific quality-like social interactions were chosen; and (3) had not used the evidence of record to support his determination. (EFC No. 11 at 10).

Magistrate Judge Jolson ultimately found that ALJ Wang's qualitative limitations were supported by the record because they were more limited than the state agency reviewing psychologists' qualitative limitations. (ECF No. 16 at 7). Where the psychologists limited

Rivera-Coto's interactions to "others" generally, ALJ Wang limited his interactions to coworkers and supervisors only. (*Id.*).

Magistrate Judge Jolson next turned to ALJ Wang's non-imposition of more qualitative limits. (*Id.*). Rivera-Coto's medical records and cooperation with healthcare providers indicated that no greater limited needed to be imposed. (*Id.* at 9). In light of this evidence, the Report and Recommendation found that ALJ Wang correctly noted that the psychologists' limits were only partly persuasive, so he was allowed to substitute as he saw fit.

Magistrate Judge Jolson finally turned to what she summarized as Rivera-Coto's claims that an ALJ's determination must mirror a medical finding or opinion. (EFC No. 16 at 10). Citing the Sixth Circuit, the Magistrate Judge concluded that it a well-established principle that there is no requirement to follow the exact findings of a medical opinion. (*Id.*) Moreover, the Magistrate Judge distinguished this case not as one where the superficial interaction limit was described by a medical opinion then ignored without explanation; rather, this case focuses on the persuasive value of psychologists' opinions that led an ALJ to include more qualitative limitations. (*Id.* at 10-11). Accordingly, the Magistrate Judge found that Rivera-Coto's contentions lacked merit and found ALJ Wang's determinations to be sufficient. (*Id*. at 11).

The Report and Recommendation thus recommended that this Court overrule Rivera-Coto's Statement of Errors and affirm the Commissioner of Social Security's decision. (*Id.*).

**B. STANDARD OF REVIEW**

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). In so doing, "[t]he district judge may accept, reject,

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

Judicial review of the ALJ's decision requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F.Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If the ALJ's decision is supported by substantial evidence, then "this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quotation omitted).

**C. LAW AND ANALYSIS**

In his objections, Rivera-Coto contests the Magistrate Judge's Report and Recommendation to the extent that it improperly affirms the ALJ's determination and mischaracterizes his contentions. (ECF No. 17 at 2). Rivera-Coto argues the determination is erroneous because ALJ Wang created his own definition of "superficial" while ignoring evidence on the record and offering no guidance on how he resolved the issue of "superficial contact." (*Id.* at 3). Thus, in Rivera-Coto's view, Magistrate Judge has also erred by affirming the determination.

Rivera-Coto raises a valid point: his Statement of Specific Errors (ECF No. 11) does not suggest that ALJ Wang's determination was required to mirror a medical report; rather the Statement of Specific Errors argues that ALJ Wang is unable to arbitrarily create his own

definition for the term "superficial." (ECF No. 11 at 2). Despite such, Rivera-Coto's objections must be overruled as this Court finds that ALJ Wang did not create a definition out of thin air.

The qualifiers ALJ Wang used are rooted in the record. In making determinations, an ALJ is not required to explain in-depth how he or she reached their opinion, nor must they adopt a medical opinion verbatim. *Reeves v. Comm'r of Soc. Sec*., 618 F. App'x 267, 275 (6th Cir. 2015) ("[E]ven where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinion verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."); *see also Ferguson v. Comm'r of Soc. Sec.*, 2019 WL 2414684, at *5 (S.D. Ohio June 7, 2019), *report and recommendation adopted sub nom. Ferguson v. Comm'r of Soc. Sec.*, 2019 WL 3083112 (S.D. Ohio July 15, 2019) ("Nor, as the case law above makes clear, was the ALJ required to explain why he did not adopt their opinions in full").

Here, when analyzing the state agency psychologists' assessment pertaining to whether Rivera-Coto can perform work considering his RCF, ALJ Wang classified the assessment as "only partially persuasive." (ECF No. 9 at 31). He further specified that the terms used by the state agency reviewing psychologists were "vague" and not "entirely vocationally" appropriate. Accordingly, in his analysis, ALJ Wang expanded upon those findings. For example, in their assessment, the reviewing psychologists noted that Rivera-Coto "could understand and recall simple 1 to 3 step tasks in settings where there was no demand for a fast pace and relate to others infrequently and superficially… ." (*Id.*). ALJ Wang opined that while he did not disagree with psychologists' findings, the terms used such as "superficial," "infrequently," and "others" did not adequately capture Rivera-Coto's interaction limitations. ALJ Wang noted that Rivera-Coto "has displayed no difficulty interacting with providers, who routinely describe him as cooperative,

and he even reported to Dr. Miller that he generally had gotten along with coworkers." Further ALM Wang noted that "nowhere in the treatment or examining record is the terms 'superficial' or 'infrequent' used to describe [Rivera-Coto's] necessary interaction limitations." Therefore, ALJ Wang incorporated aspects of the assessment, and when appropriate, supplemented definitions to make them suitable to Rivera-Coto's reported conditions.

As Rivera-Coto notes in his Statement of Specific Errors (ECF No. 11 at 2), an ALJ must create a logical bridge between the record and her conclusion. *Tyson R. v. Comm'r of Soc. Sec.*, 2026 U.S. Dist. LEXIS 170730, at *16-17 (S.D. Ohio July 31, 2026) citing (*Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) ("Thus, '[t]his Court cannot uphold an ALJ's decision, even if there if there is enough evidence in the record to support the decision, where the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'")). *See also Danyel P. v. Comm'r of Soc. Sec.*, 2022 WL 1514170, at *6 (S.D. Ohio May 13, 2022) (absent "inexplicable and illogical consistency," remand is not warranted); *Kimberly S. v. Comm'r of Soc. Sec.*, 2022 WL 17820565, at *3 (S.D. Ohio Dec. 20, 2022) (ALJs must "provide a coherent explanation of [their] reasoning."). ALJ Wang indicated that the limits he imposed were supported by the years of mental status examinations that demonstrated Rivera-Coto's generally ordinary mental status and an ability to interact with his healthcare providers. (ECF No. 9 at 30). As Magistrate Judge Jolson explained and the record emphasizes, Rivera-Coto's mental status exams were normal except for the occasional presentation of anxiety, depressed mood, and mildly impaired judgment. (ECF No. 16 at 9).

Additionally, Rivera-Coto reported that he "generally got along with coworkers." (ECF No. 9 at 31). These facts, coupled with his consistent polite, cooperative, well-mannered presentation to healthcare providers, indicated to ALG Wang that his limit of "straightforward

exchange of information without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or close over the shoulder supervision," was appropriate. (*Id.* at 30). Therefore, ALJ Wang provided a sufficient logical bridge between the evidence and his conclusion.

Last, Rivera-Coto contends that ALJ Wang erroneously ignored that Rivera-Coto offered an alternative definition for the term "superficial." (ECF No. 17 at 3). According to Rivera-Coto, this evidence was not used in ALJ Wang's analysis and would have been helpful when considering his residual functional capacity. (*Id.*). Admittedly, the evidence was favorable to Rivera-Coto. Here, ALJ Wang was not required, however, to adopt Rivera-Coto's offered definition. *Boseley v. Comm'r of SSA*, 397 F. App'x 195, 199 (6th Cir. 2010)("Neither the ALJ nor the Council is required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion."); *see also Ivy A. v. Comm'r of Soc. Sec*., 2025 U.S. Dist. LEXIS 60606, at *8 (S.D. Ohio Mar. 31, 2025) (failure to mention a notation in the record does not constitute rejection). By assessing the record and substantial evidence before him, ALJ Wang decided not to mention Rivera-Coto's definitional submission. ALJ was not required to mention it so long as it was incorporated into his determination, and there is no evidence that indicates otherwise. Therefore, ALJ Wang's definition of "superficial" is sufficient absent mention of Rivera-Coto's proffered competing definition.

This Court has reviewed *de novo* the Report and Recommendation as it relates to Rivera-Coto's objections and finds it to be correct in its conclusion. Rivera-Coto's objections to the Report and Recommendation are important but do not affect the substantive law and analysis. Consequently, Rivera-Coto's objections are overruled. This Court will thus adopt the Report and Recommendation and enter it as the findings and conclusions of this Court.

For the reasons provided, this Court **ORDERS** as follows:

1. Magistrate Judge Jolson's Report and Recommendation (ECF No. 16) is **ADOPTED** as the opinion of the Court.
2. Petitioner's Complaint (ECF No. 6) is **DISMISSED**.
3. Petitioner's Objections (ECF No. 17) are **OVERRULED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 8, 2026**